IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTHONY L. DAVIS,**

                **Plaintiff,**

     v.                                **CASE NO. 08-3014-SAC**

**KANSAS STATE BOARD OF INDIGENT**
**DEFENSE SERVICES, et al.,**

                **Defendants.**

**O R D E R**

Plaintiff, a prisoner incarcerated in a Kansas correctional facility, proceeds pro se on a complaint seeking relief under 42 U.S.C. § 1983.[1]  Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).  *See* Plunk v. Givens, 234 F.3d 1128, 1129 (10th Cir. 2000)(§ 1915A applies to all prison litigants, without regard to their fee status, who bring civil suits against a governmental entity, officer, or employee).

Plaintiff seeks damages from numerous defendants on a broad range of claims.  His allegations include:  error by various defense

---

[1] The court denied plaintiff leave to proceed in forma pauperis, pursuant to the "3-strike" provision in 28 U.S.C. § 1915(g). Plaintiff thereafter paid the full $350.00 district court filing fee in this civil action.

counsel and the Kansas Board of Indigent Defense Services between 1988 and 2000; fraud and defamation by a Wichita, Kansas, newspaper and staff for publishing pictures and stories about plaintiff concerning his 1988 trial and conviction; mistreatment of plaintiff in a mental health facility to force his plea to criminal charges; the denial of his prison administrative grievances in 2001; and an encompassing claim of conspiracy by all defendants to deny plaintiff a fair criminal trial.

Having reviewed the complaint, the court finds it should be dismissed, 28 U.S.C. § 1915A(b)(1).

Plaintiff's allegations against defense counsel and the Board of Indigent Services, and against a newspaper and newspaper staff, present no claim of wrongdoing by a person "acting under color of state law," and his bare contention of a vast conspiracy is insufficient to establish any of these defendants as a state actor for the purpose of establishing a claim for relief under 42 U.S.C. § 1983. To the extent, if at all, plaintiff alleges any viable claim of constitutional wrongdoing by a state actor, relief on such a claim is clearly time barred by the two year limitation period applicable to actions brought under 42 U.S.C. § 1983 unless relief on any such claim would necessarily implicate the legality or duration of plaintiff's conviction or sentence.[2] To the extent

---

[2]The United States Supreme Court has held that "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction" has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to

plaintiff may be attempting to assert a state tort claim under Kansas law, the court declines to exercise its supplemental jurisdiction to consider any such claim. *See* 28 U.S.C. § 1367(c)(3)(expressly authorizing district court to decline supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction). And finally, plaintiff's allegations duplicate in part allegations raised in previous cases, and rejected by the courts. *See* e.g. Davis v. Bacon, Case No. 06-3337-SAC (complaint alleging state trial and appellate public defenders conspired with state officials to deny plaintiff a fair trial and appeal dismissed pursuant to § 1915A(b)(1) as legally frivolous and duplicative to Davis v. Bacon, Case No. 06-3132-SAC).

While a district court should normally "allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim," Curley v. Perry, 246 F.3d 1278 (10th Cir.), *cert. denied*, 534 U.S. 922 (2001), the court finds it patently clear on the face of the complaint that granting plaintiff an opportunity to amend the complaint would be futile in curing obvious defects in this instance. The court thus concludes dismissal of the complaint without leave to amend is appropriate.

---

make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See* Heck v. Humphrey, 512 U.S. 477 486-87 (1994). A claim for damages arising from a conviction or sentence that has not been so invalidated is not yet cognizable under § 1983. *See* id. Any claim subject to the favorable termination rule in Heck should be dismissed without prejudice. Beck v. City of Muskogee Police Department, 195 F.3d 553, 560 n.5 (10th Cir. 1999).

IT IS THEREFORE ORDERED that the complaint is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 18th day of November 2008 at Topeka, Kansas.


                                                 _s/ Sam A. Crow_
                                                 SAM A. CROW
                                                 U.S. Senior District Judge